UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 12-CR-20-pp

MARK A. BOPP,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE, EFFECTIVE OCTOBER 30, 2018 (DKT. NO. 315)**

---

On July 30, 2013, Judge Charles N. Clevert, Jr. sentenced the defendant to serve fifty-six months in custody after he pled guilty to marijuana charges. Dkt. Nos. 243, 244. The judge imposed four years of supervised release to follow that sentence. Id. On June 5, 2015, Judge Clevert reduced the incarceration component of the sentence from fifty-six months to forty-five months. Dkt. No. 299. The supervised release term did not change. The defendant started serving his term of supervised release on October 30, 2015; it is scheduled to expire on October 29, 2019. As of the date of this order, the defendant has served two years and almost nine months of a four-year supervised release term.

On March 28, 2018, the defendant filed a motion, asking the court to terminate his supervised release early. Dkt. No. 315. He indicates that he has not had any violations of the conditions of his supervised release, and he is at

1

low risk to reoffend. Id. at 2. He reports only a few times a year. He is fifty-nine years old, and has health problems and disabilities; he can't work. He says he has no substance abuse problems, and that he "lives quietly and peaceably with his daughter-in-law and helps care for his six year old granddaughter." Id.

The government objects to the defendant's request. Dkt. No. 317. It notes that early termination is an exceptional form of relief, and that in order for a court to grant it, a defendant usually must show that he has done exceptionally well, or that the requirement that he comply with the supervised release conditions constitutes an undue burden. Id. at 1. The government agrees that the defendant has been following the rules, but notes that this is all that he has done. He has done nothing exceptional; he simply has done what Judge Clevert ordered him to do. He has not given the court any reason why continuing supervised release constitutes an undue burden on him. The government argues that without some indication that the defendant has gone above and beyond what is required of him, or that continuing supervised release poses an undue burden, there is no justification for the court to grant the exceptional relief of early termination of the supervised release portion of the defendant's sentence.

The court agrees that the defendant has not gone above and beyond what Judge Clevert required of him, and that generally is what the court looks at. Some defendants perform extensive volunteer work. Some perform community service without being ordered to do so. Some start businesses. Some obtain educations above and beyond what the court requires. These

usually are the sorts of things the court looks for in deciding whether a defendant should receive the benefit of early termination of supervised release. The court also agrees that the defendant has not demonstrated that being on release is an undue burden. Some defendants demonstrate that they have job offers they cannot accept due to being on release. Some want to move to other districts to be with family. The defendant has not presented the court with that kind of impediment.

Really, the only issue the defendant raises is a practical one: his motion implies that there is no longer any reason for the probation office to continue to have to supervise him, when he has committed no violations in almost three years, barely sees his supervising agent and does not have any supervision needs. The defendant's medical issues hint that perhaps he is not able to do volunteer work, or perform community service, like some other defendants can do. It is not clear why the defendant has made the effort to ask for early termination when it appears that supervised release imposes almost no burden on him, but he has. Perhaps having to see a probation officer two to three times a year is the burden he seeks to avoid.

For practical reasons, the court is willing to grant the defendant's request on the three-year anniversary of the date he began supervised release. If there is no longer a reason for him to be supervised, early termination will relive the probation office of the task of supervising someone who does not need supervision. Perhaps, under 18 U.S.C. §3583(e)(1), that is sufficient.

The court **GRANTS** the defendant's motion for early termination of supervised release, **effective October 30, 2018**. Dkt. No. 315. The court **ORDERS** that the defendant shall continue to comply with the current conditions of his supervised release until that time.

Dated in Milwaukee, Wisconsin this 10th day of July, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**